UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRINA HARRISON,<br><br>        Plaintiff,<br><br>    v.<br><br>WHOLE FOODS MARKET, INC.,<br><br>        Defendant. | Case No. 20-cv-04867-JSW (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 57 |

The parties filed a joint discovery letter brief at ECF No. 57, setting forth a discovery dispute. Defendant states that it served requests for admission, interrogatories, and requests for production on Plaintiff by email on February 24, 2025. Defendant says that she did not timely respond. After Defendant sent Plaintiff a meet and confer letter, Plaintiff served discovery responses on April 1, 2025 that Defendant considers both untimely and substantively deficient. Defendant takes the position that all the RFAs are admitted due to Plaintiff's failure to timely respond. In addition, Defendant moves to compel concerning rogs 2, 5, 8 and 10 and RFP 1.

For her part, Plaintiff says she did not receive the discovery requests from Defendant. She says that she has told Defendant not to send any discovery requests by email because they tend to go to her spam box, which she does not check. Plaintiff says she has instructed Defendant to serve all discovery requests by mail.

Under Federal Rule of Civil Procedure 5(b)(2), service by email is valid only if the person consented in writing to be served in that manner. In light of the dispute over the propriety of email service, the Court ordered the parties to file a supplemental joint discovery letter brief concerning whether email service on Plaintiff was valid under Rule 5. ECF No. 60. The parties have filed briefs at ECF Nos. 61 and 62.

Defendant acknowledges that it did not obtain written consent for email service and also that the Advisory Committee Notes to Rule 5 state that consent to electronic service must be express and cannot be implied from conduct.  That's the end of the matter.  Service was invalid.  Plaintiff's own use of email to serve documents on Defendant does not constitute written consent that she can be served by email.  Nor does Plaintiff's ECF registration constitute written consent that Defendant may serve her by email.

Because Defendant did not validly serve Plaintiff with the discovery requests at issue, the RFAs are not admitted, and Defendant's motion to compel concerning its rogs and RFP is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 16, 2025

_____
THOMAS S. HIXSON
United States Magistrate Judge