UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRINA HARRISON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WHOLE FOODS MARKET, INC.,<br><br>　　　　　Defendant. | Case No. 20-cv-04867-JSW   (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 67 |

In ECF No. 67, the parties raise several discovery disputes. The Court addresses them as follows.

**A.   Interrogatories**

　**1.   Rogs 2 and 8**

Rog 2 asked: "IDENTIFY all witnesses who have knowledge of all facts supporting YOUR allegations in Paragraphs 16 and 17 of YOUR COMPLAINT that YOU were discriminated against based on YOUR race on December 24, 2019, at the FRANKLIN STORE." Rog 8 asked: "IDENTIFY all witnesses who have knowledge of all facts supporting YOUR allegations in Paragraph 26 of YOUR COMPLAINT that DEFENDANT'S actions were intentional, willful, malicious, and/or done with reckless disregard on December 24, 2019, at FRANKLIN STORE." In response to both rogs, Plaintiff described two people. Defendant argues that "Plaintiff must provide complete and accurate responses," ECF No. 67 at 2. Plaintiff argues that "Defendant's demand for a final, exhaustive witness list at this stage is premature." *Id*. at 3.

Defendant is not seeking a trial witness list. It is seeking the identification of witnesses who have knowledge concerning the facts alleged in paragraphs 16, 17 and 26 of Plaintiff's

complaint. This is relevant and discoverable information. The Court **GRANTS** Defendant's motion and **ORDERS** Plaintiff to provide complete answers to rogs 2 and 8 within 30 days.

**2.    Rog 10**

Rog 10 asked:

> With respect to YOUR denial of any Request for Admission served concurrently herewith, please:
>
> a) Set forth in detail all facts upon which YOU base YOUR denial;
>
> b) IDENTIFY all witnesses who have knowledge of all facts supporting YOUR denial;
>
> c) IDENTIFY all documents that support YOUR denial;
>
> d) Describe the reasonable inquiry YOU conducted before denying the request;
>
> e) If YOUR denial is based on lack of information or knowledge, explain in detail the efforts YOU made to obtain such information or knowledge.

Defendant argues that "Plaintiff must serve further amended responses to Interrogatory No. 10, responding completely and fully as to each individual RFA she denies." ECF No. 67 at 3. Plaintiff responds: "As to Interrogatory No. 10, Plaintiff has provided factual bases for her denials and identified documents and witnesses supporting her position." *Id*.

The Court finds that Plaintiff has partially answered rog 10 in connection with her denials of RFAs 2, 3, 7, 8, 9 and 10, but these partial answers are incomplete. For example, generic references to "photographs of injuries, victim impact statement, and medical/injury records" do not count as identifying documents. The response must identify particular documents. Nearly all of the items Plaintiff lists under "5. Supporting Evidence" are generic references to categories of things, not particular documents or evidence. (The exceptions are "Store security guard" and "store manager," since those are references to specific people, and there is no reason to believe Plaintiff knows their names.) Also, the phrase "and others with knowledge" is not a sufficient identification of witnesses. Accordingly, for these RFAs, Plaintiff did not provide sufficient answers to parts a, b and c of rog 10. She also did not answer parts d and e of rog 10 for these RFAs at all. And she did not answer any part of rog 10 concerning her denials of RFAs 1, 4, 5 and

2

1. 6.

The Court also agrees with Defendant that Plaintiff has waived her right to privacy concerning documents that are directly relevant to her claimed damages. Of course, it is up to Plaintiff to state what her claimed damages are.

Finally, Plaintiff's rog responses must be truthful. Therefore, for example, her responses to rogs 6 and 10 should not say opposite things about the existence of medical records.

Accordingly, the Court **GRANTS** Defendant's motion to compel and **ORDERS** Plaintiff to provide a complete response to rog 10 within 30 days.

## B.  Privilege Log

Plaintiff's response to RFP 1 makes clear that she is withholding documents based on an assertion of privilege. Her privilege log is at ECF No. 80-1. Defendant says Plaintiff cannot invoke the attorney-client privilege because she is pro se. Plaintiff says she is claiming work product protection.

Plaintiff is correct that work product protection is not limited to documents prepared by attorneys, but she misunderstands what courts mean by that. What we mean is:

> At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case. But the doctrine is an intensely practical one, grounded in the realities of litigation in our adversary system. One of those realities is that attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial. It is therefore necessary that the doctrine protect material prepared by agents for the attorney as well as those prepared by the attorney himself.

*United States v. Nobles*, 422 U.S. 225, 238-39 (1975).

Here, with no attorney in the picture, Plaintiff has not established that she, or anyone else, prepared the documents on her privilege log as agents for an attorney. Accordingly she has failed to establish the applicability of the work product doctrine. The Court therefore **OVERRULES** her claim of privilege and **ORDERS** Plaintiff to produce the withheld documents within 30 days.

## C.  Subpoenas

Defendant says "it is not clear whether Plaintiff served third-party subpoenas or not." ECF No. 67 at 5. Plaintiff says she "has not served any third-party subpoenas to date." *Id*. at 6.

3

1  Accordingly, the Court sees no need to take action on this issue.

2  **IT IS SO ORDERED.**

4  Dated: November 5, 2025

_____
THOMAS S. HIXSON
United States Magistrate Judge