UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PATRINA HARRISON,

Plaintiff,

v.

WHOLE FOODS MARKET, INC.,

Defendant.

Case No.  20-cv-04867-JSW   (TSH)

**DISCOVERY ORDER**

Re: Dkt. No. 93

United States District Court
Northern District of California

The parties have several discovery disputes outlined in ECF No. 93.  Generally, Defendant contends that Plaintiff has not complied with the Court's previous discovery order (ECF No. 82) and seeks further orders.

**A.    Interrogatories**

**1.      Rog 5**

Rog 5 requests all witnesses who have knowledge of facts supporting Plaintiff's allegation she was injured because of Defendant's acts or omissions.  Her answer includes the following reference:  "**Primary Care Physician (Name TBD)** – Withheld pending subpoena; possesses knowledge of post-incident physical symptoms as reported in January 2020."  In the letter brief, Plaintiff says she does not know who the treating physician was and cannot figure it out from the documents she has.  However, that is not what her rog response says.  It says the name is "TBD" and is being withheld pending subpoena.  If she does not know who the treating physician was, the correct answer to rog 5 is that she is not able to identify the primary care physician, and she must state that.  Accordingly, the Court **ORDERS** Plaintiff to amend her response to rog 5 to either identify the primary care physician or state that she cannot do so.

United States District Court
Northern District of California

### 2.    Rog 6

Rog 6 requests the identification of all documents that support Plaintiff's allegation that she was injured because of Defendant's acts or omissions.  One of the items she lists is "therapist intake notes," which Defendant says she has failed to produce.  In the letter brief, Plaintiff says she did not receive "formal" therapy treatment and has no therapy records.  It is unclear what that means or what her rog response means.  Did she have *informal* therapy?  Does the therapist have the notes but she doesn't?  The Court **ORDERS** Plaintiff to amend her response to rog 6.  If Plaintiff received *no* therapy related to this incident, then she must remove the reference to therapist intake notes.  If she did receive therapy, there are notes, and she just doesn't have them, she must say that.  She is not allowed to be cagey like this about the existence or nonexistence of relevant evidence.

### 3.    Rog 10

Rog 10 asks Plaintiff to identify the facts, witnesses and documents that support a denial of any of Defendant's requests for admission.  In subsection (b) of her response, Plaintiff lists as a witness "Medical/mental health evaluator (initial intake evaluator)."  Defendant argues that the witness's name is relevant and discoverable.  Plaintiff does not directly respond to this argument. The Court **ORDERS** Plaintiff to amend her response to rog 10 to identify the medical/mental health provider by name, state that she cannot do so, or remove the reference to a medical/mental health provider.

## B.    Requests for Admission

### 1.    Rog 10

The Court previously ordered Plaintiff to provide a complete response to rog 10.  ECF No. 82 at 2-3.  In response, she amended her response to rog 10 and her responses to the RFAs.  The current response to rog 10 lists facts, witnesses and documents supporting her denials, but it's not a complete response to rog 10.  Her amended RFA responses also list facts, witnesses and documents for each denied RFA, but they are not the same as the facts, witnesses and documents listed in rog 10.  There is nothing wrong with Plaintiff including facts, witnesses and documents in her responses to the RFAs.  However, the Court ordered her to provide a complete response to rog

United States District Court
Northern District of California

10, so all such facts, witnesses and documents must also be listed in her response to rog 10.  The Court **ORDERS** Plaintiff to bring herself into compliance with the Court's prior discovery order.  In the meantime, the Court will treat the facts, witnesses and documents listed in the RFA responses as though they were in the response to rog 10 (because they're supposed to be) for purposes of interpreting RFP 1, which requested all documents identified in response to rogs 1-10.

### 2.    RFA 2

RFA 2 asked Plaintiff to admit she suffered no economic injury from certain conduct.  As part of her denial, she lists "additional out-of-pocket costs" and "costs tied to injuries and follow-up matters" as facts, and "receipts" as documents.  Defendant says she must produce those receipts, as well as any other documentation of economic damages, in response to RFP 1.  Plaintiff responds that she identified categories of documents that will be produced to the extent they exist and are within Plaintiff's possession, custody or control.  The Court rejects that argument.  Rog 10 is not an RFP.  It seeks facts, witnesses and documents that support the denial of the RFAs – facts, witnesses and documents that are real.  Plaintiff can only list things that actually exist.  The Court **ORDERS** Plaintiff to produce the listed receipts or to amend her response to RFA 2/rog 10 to remove the reference to receipts.

### 3.    RFA 6

RFA 6 asked Plaintiff to admit that Defendant did not discriminate against her.  One of her facts that supports her denial is "retaliatory conduct."  Defendant says this is inadequate because rog 10 asked for supporting facts "in detail," and there is no detail concerning the retaliatory conduct.  Plaintiff's response is insubstantial.  The Court **ORDERS** Plaintiff to amend her response to RFA 6/rog 10 to provide detail concerning the claimed retaliatory conduct.

### 4.    RFA 7

RFA 7 asked Plaintiff to admit that she suffered no economic injury from certain conduct.  As part of her denial, she lists as supporting facts "injury-related expenses" and "financial losses stemming from the assault."  Defendant argues those references lack the detail requested by rog 10.  Under documents, she lists "receipts," which Defendant contends she must produce via rog 10 and RFP 1.  Plaintiff's response is similar to her response to RFA 2 and is similarly misguided.  She must identify facts that are true and documents that are real, not things that might or might not

3

be true or real.  The Court **ORDERS** Plaintiff to amend her response to RFA 7/rog 10 specify the "injury-related expenses" and "financial losses stemming from the assault" in detail, or to remove those references.  She must also either produce the listed receipts or amend her response to RFA 7/rog 10 to remove the reference to receipts.

     5.    **RFA 10**

This is a repeat of RFA 7.  The Court **ORDERS** Plaintiff to either produce the listed receipts and damages spreadsheet or to amend her response to RFA 10/rog 10 and remove those references.

**C.    Privilege Log**

The Court previously ordered Plaintiff to produce the items listed on her privilege log. ECF No. 82 at 3.  She says she has done so, and Defendant provides no reason to think otherwise.

**D.    Deadline**

The Court **ORDERS** Plaintiff to comply with this order within seven days.

**E.    Vexatious Litigant**

Judge White declared Plaintiff a vexatious litigant.  ECF No. 85.  She is, indeed, litigating discovery vexatiously.  The undersigned's Discovery Standing Order states "No motion for sanctions may be filed until after the moving party has complied with the requirements above," referring to the meet and confer and joint discovery letter brief requirements.  Defendant has complied with these requirements and is free to move for monetary sanctions pursuant to Federal Rule of Civil Procedure 37(a)(5) and (b)(2).

    **IT IS SO ORDERED.**

Dated: March 4, 2026

_____
THOMAS S. HIXSON
United States Magistrate Judge